### MID-STATE HOMES, Inc. v. WILSON, et ux.
No. 61-4902-E.

Circuit Court, Duval County.
April 3, 1963.

Harry M. Hobbs, Tampa, for plaintiff.

Thomas H. Greene, Jacksonville, for defendant Kenneth D. Wilson.

Wayne E. Ripley, Jacksonville, for defendant Earlie V. Wilson.

WILLIAM H. MANESS, Circuit Judge.

*Final decree:* This cause was heard by the court on January 29, 1963 after which the court orally granted plaintiff leave to amend to conform to the evidence (see testimony recorded by Emmett Jones, deputy official court reporter, but not transcribed). The complaint as amended seeks to foreclose a note and mortgage given to Jim Walter Corporation, a Florida corporation, and thereafter assigned to plaintiff, to secure the contract price of a shell home constructed on the mortgaged premises. In the alternative, plaintiff seeks an order permitting plaintiff to remove the house or for the entry of a money judgment against Earlie V. Wilson.

The facts are simple and without dispute. Kenneth D. Wilson and Earlie V. Wilson are husband and wife but at all times hereafter mentioned the said husband has been in the Naval Service of the U. S. stationed overseas. In order to obtain the shell home in question, Mrs. Wilson's parents, Alfred Turner and Earlie Turner, conveyed the land in question to the said husband and wife. Simultaneously with said conveyance, defendant Earlie V. Wilson executed the note and mortgage in question, but because title to the land was in the name of her *and her husband,* the name of Kenneth D. Wilson was forged by a neighbor with the knowledge and suggestion of an employee of Jim Walter. Said husband knew nothing of either the conveyance or mortgage and has filed a disclaimer of any interest in the land or the improvements placed thereon by Jim Walter. It is agreed that any defense good as to Jim Walter is good as to plaintiff Mid-State Homes, Inc.

Based on the foregoing facts and the record herein this court is of the opinion that as a matter of law and fact the plaintiff should be denied any equitable relief. However, it would unjustly enrich Earlie V. Wilson to permit her to keep the improvements made on the property described in said complaint, as amended, and it would likewise be unfair to require a forfeiture of the improvements made to the shell home after completion of the Jim Walter contract. Accordingly, it is ordered, adjudged and decreed as follows —

That that certain document purporting to be a mortgage and dated January 31, 1961, recorded in the official records of Duval

County in volume 1204 at pages 519 and 520, herein sought to be foreclosed, is hereby declared a nullity and void and insufficient to create a mortgage lien upon the property therein described and the enforcement thereof is hereby denied and the clerk of this court is directed to make an appropriate notation on the record of said mortgage referring to this final decree.

That Kenneth D. Wilson, the husband of Earlie V. Wilson, is not the owner of and has no interest in that certain property heretofore deeded to Kenneth D. Wilson and Earlie V. Wilson, his wife, by deed dated January 31, 1961 and recorded in official records book 1204 at page 24 and said deed is hereby declared a nullity as to Kenneth D. Wilson.

That that certain document purporting to be a mortgage note dated January 31, 1961 purporting to have been signed by Kenneth D. Wilson and Earlie V. Wilson to evidence an obligation of $4,622.40 to Jim Walter Corporation, which said note is filed herein as plaintiff's exhibit no. 1, should be, and the same is, declared null and void and of no effect as to Kenneth D. Wilson, and the purported signature thereon of the said Kenneth D. Wilson is a forgery.

That under and by virtue of that certain promissory note dated January 31, 1961 hereinabove described, the defendant, Earlie V. Wilson, is obligated to pay to the plaintiff the sum of $4,365.60 as principal and interest under said note plus plaintiff's costs herein taxed at $19, plus a reasonable attorney's fee for the services of plaintiff's attorney in the amount of $300, making a total obligation of Earlie V. Wilson to plaintiff in the amount of $4,-684.60, for which let execution issue.